UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT
2011 DEC 15 PM 3:27
TEXAS-EASTERN

David E. Mack
   *Plaintiff*

vs

WEST ASSET MANAGEMENT
Nancy Van Hoven
   *Defendants*

Case No 4:11cv831

Judge Schell

TRIAL BY JURY DEMANDED

## COMPLAINT FOR VIOLATIONS OF THE FCRA AND FDCPA

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack (hereinafter "Plaintiff"), a natural person, who resides in Collin County, Texas.

4. Defendant WEST ASSET MANAGEMENT, (hereinafter WEST), is a debt collection firm with offices at 2221 Newmarket Parkway Suite 118, Marietta, GA 30067.

5. Defendant Nancy Van Hoven, (hereinafter "Van Hoven"), is Senior Counsel at WEST ASSET MANAGEMENT with offices at 2221 Newmarket Parkway Suite 118, Marietta, GA 30067.

### VENUE

6. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

7. Venue is proper in the Eastern District of Texas Sherman Division.

## GENERAL ALLEGATIONS

8. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and discovered entries by entities that he was unfamiliar with in the reports.

9. Plaintiff determined that his consumer credit report had been obtained on various occasions by entities he did not recognize and without his consent.

10. Plaintiff determined after examination of his Experian consumer credit report that Defendant WEST had obtained Plaintiff's Experian consumer credit report on October 23, 2008.

11. Discovery of violations brought forth herein occurred in May 2011 and said violations are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p.

12. Plaintiff sent a Notice of Intent to Sue to WEST regarding their action of obtaining Plaintiff's consumer credit report with no permissible purpose. Said notice was sent by certified mail # 70101670000040234706 and received on May 16, 2011 according to USPS records.

13. Plaintiff received a response from WEST in the form of a letter from Van Hoven which stated she was Senior Counsel for WEST. She stated, in part, that the original creditor on the alleged account was Bank of America and that <u>the account had been closed in WEST's system on July 1, 2009</u>. The letter then went on to say "This communication is from a debt collector. ***This is an attempt to collect a debt*** (emphasis added) and any information obtained will be used for that purpose."

### Count I

VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA),
15 U.S.C. §1681 BY DEFENDANT WEST

14. Paragraphs 1 through 13 are realleged as though fully set forth herein.

15. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

16. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

17. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

18. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

19. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally; if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

20. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant WEST

21. At no time did Plaintiff give his consent for Defendant WEST to acquire his consumer credit report from any credit reporting agency.

22. On October 23, 2008 Defendant WEST obtained the Experian consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

23. The actions of Defendant WEST in obtaining the consumer credit report of the Plaintiff with no permissible purpose, or Plaintiff's consent, was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

   WHEREFORE, Plaintiff demands judgment for damages against Defendant, WEST for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

## COUNT II

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
15 U.S.C. § 1692e, AND 1692f BY DEFENDANTS WEST AND VAN HOVEN.

24. Paragraphs 1 through 23 are realleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of the FDCPA § 1692a(3).

26. WEST is a debt collector within the meaning of the FDCPA §1692a(6).

27. Nancy Van Hoven is a debt collector within the meaning of the FDCPA §1692a(6).

28. On or about May 28, 2011 Plaintiff received a letter in response to his Notice of Intent to Sue from Defendant Van Hoven on behalf of WEST. The letter from Van Hoven clearly stated that the alleged account had been closed in WEST's system on July 1, 2009.

29. Van Hoven's letter went on to state "This is an attempt to collect a debt and any information obtained will be used for that purpose" To state that the "account" had been closed in WEST's system in July of 2009 and then in a letter dated May 24, 2011 state that the correspondence was "an attempt to collect a debt" when it is obvious they do not have the right to collect the alleged debt is a violation of 15 U.S.C. § 1692e(2)(10) as well as 15 U.S.C. § 1692f being a false and misleading representation and an unfair practice.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES
ACT (FDCPA) 15 U.S.C. § 1692g BY DEFENDANTS WEST AND VAN HOVEN**

30. Paragraphs 1 through 29 are realleged as though fully set forth herein.

31. The letter received from Van Hoven on behalf of WEST was an initial collection correspondence from WEST and did not contain any other information about the alleged debt other than the name of the alleged creditor as Bank of America and the fact the "account" had been closed in their system on July 1, 2009.

32. The communication did not state the amount of the debt as well as the Plaintiff's right to dispute the debt within 30 days and his right to have verification mailed to him all of which are in violation of 15 U.S.C. § 1692g.

33. Defendants WEST and Van Hoven blatantly violated 15 U.S.C. § 1692g in multiple ways by making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

WHEREFORE, Plaintiff demands judgment for damages **against each Defendant**, WEST ASSET MANGEMENT and Nancy Van Hoven, for statutory damages of $1000.00, attorney's fees, and costs pursuant to 15 U.S.C. § 1692k(2)(A).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: December 15, 2011

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642